United States District Court
Southern District of Texas
**ENTERED**
June 07, 2019
David J. Bradley, Clerk

Taliba Johnson, §
§
　　　　Plaintiff, §
§
versus §　　　　Civil Action H-18-4267
§
Allstate Texas Lloyd's, §
§
　　　　Defendant. §

# Opinion on Summary Judgment

1. *Background.*

   Taliba Johnson's property was damaged in 2017 by Hurricane Harvey. She reported her damage claim to Allstate Texas Lloyd's in August 2017. The first adjuster estimated a loss below Johnson's deductible, so Allstate issued no payment. Allstate scheduled another inspection of the property, where a second adjuster estimated a loss of $2,770.22. Allstate applied Johnson's deductible and paid her $124.22. Johnson sent Allstate a notice letter, so Allstate requested another inspection. A third adjuster inspected the property and estimated $11,238.71 in replacement cost value. After applying Johnson's deductible, Allstate paid her $8,468.49.

   Johnson sued Allstate in October 2018 for breach of contract, violations of the Insurance Code, and bad faith. Allstate invoked appraisal under the policy. Two appraisers – one chosen by Johnson and one by Allstate – jointly determined the amount of loss to be $13,188.70. Allstate timely paid Johnson the appraisal award less the prior payments and deductible.

2. *Breach of Contract.*

   An appraisal award is the full extent of recoverable benefits under the policy.[1] Compliance with the contractual appraisal award negates a breach of contract claim as

---

[1] *See, e.g., Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 848 (Tex. App.–Houston [14th Dist.] May 23, 2017, no pet. h.).

a matter of law.[2] Johnson's breach of contract claim fails because Allstate timely and fully paid the appraisal award.

3.      *Extra-Contractual Claims.*

A disagreement about what the insurer owes under the policy is not bad faith. Allstate paid Johnson everything she was owed under the policy when it paid the appraisal award. Johnson cannot sue Allstate for bad faith because its adjuster's estimate was lower than the appraisal panel's.

Johnson cannot recover under the Insurance Code's prompt payment provisions because Allstate paid her the same day that it received the appraisal award.[3]

Johnson has received the benefits to which she was entitled under the policy and has not alleged a viable independent injury. Allstate's timely payment of the appraisal award bars Johnson's claims of bad faith and violations of the Insurance Code.

4.      *Conclusion.*

The appraisal award set the amount of loss, and Allstate timely paid it. Because Johnson is not entitled to additional benefits, she cannot maintain a breach of contract claim and her extra-contractual claims are without merit.

Taliba Johnson will take nothing from Allstate Texas Lloyd's.

Signed on June 5, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] *See, e.g., Scalise v. Allstate Tex. Lloyd's*, No. 7:13-CV-178, 2013 U.S. Dist. LEXIS 179692, at *14 (S.D. Tex. Dec. 20, 2013); *Anderson v. Am. Risk Ins. Co., Inc.*, No. 01-15-00257-CV, 2016 Tex. App. LEXIS 6538, at *4, *6-7, *10-12 (Tex. App.–Houston [1st Dist.] June 21, 2016, no pet.); *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786-87 (Tex. App.–Houston [14th Dist.] Dec. 16, 2004, no pet.).

[3] *See, e.g., Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258-59 (5th Cir. 2017).